Robert L. Emery
TRCI SID No. 13650508
82911 Each Access Rd
Umatilla, OR 97882
        Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT L. EMERY | Case No.: 2;25-cv-01340-MC |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION** |
| OREGON DEPT. OF CORRECTIONS, KACEY THOMPSON *ET.AL* | |
| Defendant | |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiff **Robert L. Emery**, proceeding pro se, respectfully moves this Court for a **Preliminary Injunction** pursuant to **Federal Rule of Civil Procedure 65**, enjoining Defendants from continuing practices that deny Plaintiff meaningful access to the courts and discriminate against him on the basis of disability, in violation of **Title II of the Americans with Disabilities Act**, **Section 504 of the Rehabilitation Act**, and the **First and Fourteenth Amendments to the United States Constitution**.

Plaintiff seeks immediate injunctive relief because he is currently suffering **ongoing and irreparable harm**. Defendants' actions force Plaintiff to rely on outside resources to prepare and

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION - 1

file legal documents, impose excessive copying, postage, and document production costs, cause undue financial hardship, and create significant delays in legal filings to which similarly situated adults in custody without disabilities are not subjected. These conditions substantially interfere with Plaintiff's ability to litigate active federal cases and access the courts on equal footing.

Absent immediate Court intervention, Plaintiff will continue to suffer irreparable injury for which no adequate remedy at law exists. Plaintiff has demonstrated a **strong likelihood of success on the merits**, the **balance of equities tips sharply in his favor**, and issuance of a preliminary injunction **serves the public interest** by ensuring compliance with federal disability and constitutional law.

Under Federal Rule of Civil Procedure 65, courts apply the four-factor test established in *Winter v. NRDC*, 555 U.S. 7, 20 (2008), which requires the movant to show a likelihood of success on the merits, irreparable harm, a balance of equities in their favor, and that the injunction serves the public interest. The Ninth Circuit applies this standard, including in Alliance for the *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In the context of disability and access to courts, the Supreme Court in *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004), held that Title II of the Americans with Disabilities Act applies to cases where individuals are denied access to the courts. Together, these principles support the issuance of injunctive relief here.

### STANDARD OF REVIEW FOR INJUNCTIVE RELIEF

The citation for *Winter v. NRDC* is 555 U.S. 7, 20 (2008). This is the Supreme Court decision that laid out the four-part test for preliminary injunctions. In *Winter v. NRDC*, the Supreme Court held that a preliminary injunction requires showing (1) a likelihood of success on the merits, (2) likely irreparable harm without relief, (3) the balance of equities tipping in favor of the movant, and (4) that an injunction serves the public interest. This means the plaintiff must demonstrate

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION - 2

## APPLICATION TO INSTANT CASE

Plaintiff seeks **immediate injunctive relief** because he is currently suffering ongoing and irreparable harm. Defendants' actions force Plaintiff to rely on outside resources to prepare and file legal documents, impose **excessive copying, postage, and document production costs,** cause **undue financial hardship,** and create **significant delays in legal filings** that similarly situated adults in custody without disabilities are not subjected to. These conditions substantially interfere with Plaintiff's ability to litigate active federal cases and access the courts on equal footing.

Absent immediate Court intervention, Plaintiff will continue to suffer irreparable injury for which no adequate remedy at law exists. Plaintiff has demonstrated a strong likelihood of success on the merits, the balance of equities tips sharply in his favor, and issuance of a preliminary injunction serves the public interest by ensuring compliance with federal disability and constitutional law.

## 1. Likelihood of Success on the Merits

The Plaintiff believes he has presented a strong legal case because the Plaintiff is asserting violations of the ADA, Rehabilitation Act, and the Plaintiff's constitutional rights. Since the Plaintiff can show that his disability accommodations were unfairly withdrawn and denied, the Plaintiff is confident in his likelihood of success.

I have a strong likelihood of success on the merits. In *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004), the Supreme Court held that Title II of the ADA protects access to the courts. In *Wong v. Regents of Univ. of California*, 192 F.3d

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION - 3

807, 816–17 (9th Cir. 1999), the Ninth Circuit established that once a qualified individual shows a reasonable accommodation was denied, success on the merits is supported. Additionally, *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996), confirmed that prisoners must have meaningful access to the courts. Since the Plaintiff's disability accommodations were withdrawn, these precedents support the Plaintiff's claims

The withdrawal of Plaintiff's previously approved accommodations directly impaired his ability to access legal resources and litigate active cases, satisfying the elements of his statutory and constitutional claims.

## 2. Irreparable Harm

The Plaintiff is facing harm that can't be fixed later. If the plaintiff cannot access legal resources now, the Plaintiff could miss critical deadlines or lose legal rights, and that's irreparable.

Plaintiff is currently suffering **irreparable harm** that cannot be remedied by monetary damages alone. Without access to necessary legal resources and previously approved disability accommodations, Plaintiff faces the ongoing risk of missing court deadlines, being unable to adequately prepare filings, and losing legal claims altogether. The Supreme Court has recognized that the loss of meaningful access to the courts constitutes irreparable injury because it threatens the ability to vindicate constitutional and statutory rights. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). Where interference with court access is ongoing, post-hoc remedies are inadequate. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (holding that the loss of constitutional rights, even for minimal periods of time, constitutes irreparable injury). Absent immediate injunctive relief, Plaintiff will continue to suffer harm for which no adequate remedy at law exists.

## 3. Balance of Equities

When the Plaintiff compares the hardship, he is significantly burdened by these restrictions, while the prison would only need to reinstate reasonable accommodations. The balance clearly favors the plaintiff.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION - 4

The balance of equities tips sharply in Plaintiff's favor. Plaintiff faces ongoing and substantial hardship from the denial of reasonable accommodations, including impaired access to the courts, increased financial burdens, and the risk of losing legal rights. By contrast, Defendants would suffer little to no hardship by reinstating Plaintiff's previously approved accommodations, which were already in place and operational. Courts routinely find that where a plaintiff faces the loss of constitutional or statutory rights, and the defendant's burden consists only of complying with existing law, the balance of equities favors injunctive relief. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). Requiring Defendants to comply with the ADA and Rehabilitation Act does not impose an undue burden but merely restores the lawful status quo.

## 4. Public Interest

It's in the public interest to ensure that people with disabilities have equal access to the courts. When the court upholds the Plaintiff's rights, it benefits everyone by reinforcing those legal protections.

Granting a preliminary injunction serves the public interest by ensuring that individuals with disabilities have equal access to the courts. The Supreme Court has recognized that enforcement of the Americans with Disabilities Act—particularly where access to judicial proceedings is implicated—advances a significant public purpose. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). The public also has a strong interest in the protection of constitutional rights and in preventing ongoing violations of federal law. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Because the requested relief merely requires Defendants to comply with existing statutory and constitutional obligations, issuance of a preliminary injunction promotes, rather than undermines, the public interest.

**CONCLUTION:**

For the foregoing reasons, Plaintiff has satisfied the requirements for preliminary injunctive relief under Federal Rule of Civil Procedure 65 and *Winter v. NRDC*, 555 U.S. 7 (2008). Plaintiff has demonstrated a strong likelihood of success on the merits, ongoing irreparable harm, that the balance of equities tips sharply in his favor, and that issuance of a preliminary injunction serves the public interest. Plaintiff therefore respectfully requests that the Court grant his Motion for Preliminary Injunction and issue the requested injunctive relief.

DATED: 2 - 10 - 26

Respectfully submitted,



Robert L. Emery

Plaintiff, Pro Se