DAN RAYFIELD
Attorney General
JASON BROWN  #171846
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  jason.brown@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ROBERT L. EMERY,<br><br>              Plaintiff,<br><br>      v.<br><br>OREGON DEPARTMENT OF CORRECTIONS (ODOC), KACEY THOMPSON, Americans with Disabilities (ADA) Coordinator for Two Rivers Correctional Institution (TRCI); MARCIA VENTURA, Statewide ADA Coordinator; T. HARN, East Law Librarian; MR. HOWSER, Law Librarian; JOHN AND JANE DOE'S ODOC Employees,<br><br>              Defendants. | Case No.  2:25-cv-01340-MC<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff Robert L. Emery ("Plaintiff") is an Oregon Department of Corrections

("ODOC") adult in custody ("AIC").  Plaintiff has been incarcerated since August 25, 2000,

serving time at four medium security institutions.[1]  His latest stint at TRCI began on January 21,

2015, and he is currently housed there.

---

[1] A copy of Plaintiff's housing history is attached as Attachment 1 to the Declaration of Gabriel Gitnes ("Decl. Gitnes").

Page 1 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION
        J1B/da3/1013573562

Plaintiff alleges that he suffers from Attention Deficit/Hyperactivity Disorder ("ADHD") which limits his ability to effectively utilize the "cramped, loud, noisy, busy" prison legal libraries. (Pl.'s Compl., ECF No. 1, ¶ 22). Plaintiff alleges that he had access to a NEO Alphasmart word processor pursuant to an ADA accommodation, and it was improperly revoked by Defendants Thompson and Ventura. (*Id*. ¶¶ 10,12-13). Plaintiff is now forced to handwrite his legal documents in his cell during quiet hours and then bring them to the law library for typing or copying. (*Id*. ¶ 9). Plaintiff further alleges that Defendants Harn and Howser have unlawfully searched Plaintiff's legal flash drives and read his legal documents. (*Id*. ¶¶ 21-30). "Although a Flash Drive is not per se 'legal mail' it is '*within the spirit of the law*' protected documents and a violation of ODOC's policy and practice to always inspect things deemed "legal" in the presence of the AIC." (*Id*. ¶ 24) (emphasis in the original).

Plaintiff brings his claims under the ADA, the Rehabilitation Act, and the First and Fourteenth Amendments to the U.S. Constitution. He seeks non-economic damages for mental and emotional injuries, punitive damages, injunctive relief, declaratory relief, and compensatory damages. Plaintiff now seeks relief in the form of an order requiring Defendants to: (1) immediately reinstate his prior ADA accommodation, including use of a laptop computer with "all legal information in the Law Library's computer on it"; and (2) "cease any practice of inspecting Plaintiff's legal materials outside his presence." (Pl.'s Mot. Preliminary Inj., ECF No. 15, p. 3). [2]

The Court should deny Plaintiff's request for preliminary injunctive relief for four reasons. First, Plaintiff is unlikely to succeed on the merits of his claims because ODOC has legitimate penological reasons for searching, regulating, and limiting access to electronic

---

[2] Plaintiff's motion, memorandum, and declaration are silent as to any allegations of inspecting or reading "legal materials." Based on Plaintiff's Complaint, the only "legal materials" alleged to have been read outside his presence were those that were inspected on his "flash drive." (*See* Pl.'s Compl., ECF No. 1, ¶¶ 21-25). Other legal materials were inspected in his presence. (*See Id*. ¶ 30, Defendants "routinely read plaintiffs [sic] legal documents that are handed to them for copying . . . as I stand there watching them read them.")

Page 2 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION
          J1B/da3/1013573562

devices.  Second, Plaintiff cannot show that he will suffer irreparable harm in the absence of a preliminary injunction because Plaintiff has shown that he is able to effectively file multiple pleadings and he has access to all TRCI law library resources.  Third, it is neither equitable nor in the public interest to award Plaintiff's requested preliminary injunction because it would impair ODOC's ability to maintain institutional security at TRCI.  And fourth, Plaintiff's requested injunctive relief violates the Prison Litigation Reform Act ("PLRA").

## BACKGROUND FACTS

Each ODOC facility is architecturally distinct.  Thus, the location, space, and layout of the law libraries at different facilities are subject to the architecture of the given facility.  At TRCI, there are two law libraries available to the general population that are split to serve one side of the institution each.  (Decl. Villers, ¶ 2).  Each law library has 10 workstations that are available Monday through Friday.  (*Id*.).  AICs are able to use "flash drives" to electronically store legal work that is created on the law library computers.  (*Id*., ¶ 3).  Flash drives are considered removable media devices ("RMD") which are governed by Oregon Administrative Rule 291-139-0190.  (*Id*.).  AICs are only allowed to save their own legal documents on the RMDs that are loaned to them.  (*Id*.).  Legal documents are defined as:

> Pleadings (*i.e.*, complaint, petition or answer), legal motions and memoranda, affidavits, court orders and judgments, or other necessary papers submitted to a court in connection with a legal action.  For purposes of these rules "legal documents" include necessary papers submitted to the Oregon Board of Parole and Post-Prison Supervision and equivalent releasing authorities in other state and federal jurisdictions in connection with official actions and proceedings of such authorities.

OAR 291-139-0110(10).

Page 3 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
        INJUNCTION
        J1B/da3/1013573562

ODOC owns the RMDs, and they are routinely searched by ODOC staff to enforce rule compliance and ensure the safe operation of its prisons. (Decl. Villers, ¶ 5). Among other things, these searches are intended to detect illicit activity and wastes of library time and resources. (*Id.*). TRCI library coordinators strive to review all RMDs on a quarterly basis. (*Id.*). Because library resources are important to all AICs, and ODOC is obligated to maintain safe and secure prisons, RMDs cannot be used to store documents beyond what is defined above as "legal documents." (*Id.*, ¶ 5-6). Documents that are permitted to be stored on RDMs are those that would normally be filed with the court in connection with a legal action. (*Id.*, ¶ 6). Prohibited documents include correspondence to an attorney. (*Id.*). On March 20, 2025, AIC Emery signed a Removable Media Usage Acknowledgment Statement attesting that he had reviewed OAR 291-086 AIC (Access to Automation) and OAR 291-139 (Legal Affairs), acknowledging that he understood the rules and that RMDs are a discretionary privilege subject to search. (*Id.*, ¶ 4, Attachment 1).

Some AICs in ODOC custody previously had access to NEO Alphasmart basic word processors. (Decl. Ventura ¶ 2). In 2024, ODOC Information Technology Security discovered an electronic security risk posed by the NEO word processors. (*Id.*). ODOC then began the process of confiscating all NEO word processors as they were encountered by staff. (*Id.*). ODOC instructed AICs who believed they needed a word processor to access a program, service, or activity to submit an AIC ADA Accessibility Request for a Securebook. (*Id.*, ¶ 3). A Securebook is a specially designed, transparent, and locked-down laptop used in correctional facilities. [3] ODOC issues Securebooks to AICs when approved through the ADA accessibility process. (*Id.*, ¶ 6).

---

[3] https://justicetechsolutions.com/products/securebook-6

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
            J1B/da3/1013573562

On April 19, 2024, AIC Emery submitted an AIC Accessibility Request for a Securebook. (Decl. Gitnes, ¶ 5, Attachment 2). The ODOC accessibility request process at TRCI involves a multidisciplinary team ("MDT") review that includes BHS. (*Id*., ¶ 6) (see also Decl. Ventura ¶¶ 4-5). The TRCI BHS manager participated in the review of AIC Emery's April 19, 2024 request and the MDT determined that AIC Emery did not have a disability that affected his ability to read or write; thus, a word processor was not needed. (*Id*., Attachment 2).

AIC Emery's current diagnoses include ADHD, Major Depressive Disorder ("MDD"), recurrent MDD, and Unspecified Personality Disorder. (*Id*., ¶ 3). ADHD is a chronic neurodevelopmental condition marked by persistent inattention, hyperactivity, and impulsivity. (*Id*., ¶ 7). Typical treatment for ADHD includes medication, psychotherapy, and behavioral interventions. (*Id*.). Treatment for AIC Emery's diagnoses have included medication management, individual therapy and group therapy, and he has acquired coping skills to manage his symptoms through his treatment. (*Id*., ¶ 8). BHS records do not indicate a diagnosis that would interfere with AIC Emery's ability to use the law library and there is no clinical evidence to support the need for a word processor or laptop to mitigate symptoms of ADHD. (See *Id*., ¶¶ 3-10).

AICs who are authorized to possess a Securebook laptop to access programs, services, or activities are prohibited from using the laptop to draft or store legal documents. (Decl. Villers, ¶ 7). All Securebooks are issued with an ODOC memorandum outlining their conditions of use, including being subject to regular security searches. (*Id*., Attachment 2).

## APPLICABLE STANDARD

A plaintiff seeking a preliminary injunction must establish the following four factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*,

Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
J1B/da3/1013573562

786 F.3d 733, 740 (9th Cir. 2015); *Des Eleveurs de Canards et d'Oies v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff may also obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tip sharply toward the plaintiff, and the remaining two *Winter* factors are satisfied. *Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018).

Where, as here, the plaintiff seeks a mandatory injunction going beyond maintaining the status quo, he must demonstrate that the facts and law clearly favor an injunction. *Garcia*, 786 F.3d at 740; *see also Am. Freedom Def. Inst. v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

## LEGAL ARGUMENT

The Court should deny Plaintiff's request for a preliminary injunction because the four *Winter* factors do not support a preliminary injunction and his request for injunctive relief violates the PLRA.

### I.    Plaintiff is not likely to succeed on the merits of his claims.

Plaintiff brings claims under: (1) the ADA; (2) the Rehabilitation Act; (3) the Fourteenth Amendment; and (4) the First Amendment. In his motion, Plaintiff argues that his ADA and Rehabilitation Act claims are likely to succeed. Plaintiff provides no insight into how his First and Fourteenth Amendment claims are likely to succeed. Plaintiff is unlikely to succeed on the merits of any of these claims.

### A. ADA and Rehabilitation Act.

To state a *prima facie* case under Title II of the ADA, a plaintiff "must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135

Page 6 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
            J1B/da3/1013573562

(9th Cir. 2001) (citations omitted) (internal quotation marks omitted)[4]; see also *Pierce v. Cty. Of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008) (the ADA applies to correctional facilities). Moreover, "[a] public entity may be liable for damages under Title II of the ADA or § 504 of the Rehabilitation Act if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." *Updike v. Multnomah Cty.*, 870 F.3d 939, 951 (9th Cir. 2017) (citations omitted) (internal quotation marks omitted). Deliberate indifference "requires both knowledge that a harm to a federal protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id*. at 950-51 (citations omitted) (internal quotation marks omitted). The same standards are used to determine whether an act of discrimination violated the ADA and the Rehabilitation Act. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

Here, Plaintiff alleges that he has ADHD, which qualifies as a disability. Defendants do not dispute that Plaintiff was diagnosed with ADHD, but ODOC BHS records show that he has been treated for ADHD and he does not have a disability that would affect his ability to read and write. (Decl. Gitnes, ¶¶ 8, 10). Plaintiff has not articulated how he was excluded from participating in, or denied the benefits of, any of ODOC's services, programs, or activities because of his disability. Rather, by his own admission, Plaintiff is able to access the legal library, and it is obvious that he is able to draft and file legal pleadings and motions using the law library resources. He is able to handwrite his legal work and then bring it to the law library to type the documents. (Pl.'s Compl., ECF No. 1, ¶ 9). There is no diagnosis that shows that Plaintiff is incapable of using the law library, and there is no clinical evidence to support the need for a word processor. (Decl. Gitnes, ¶ 10). Plaintiff merely alleges that the law library

---

[4] For a plaintiff to state a claim under § 504 of the Rehabilitation Act of 1973, they must establish the three *prima facie* elements of an ADA violation and that the program receives federal assistance. *Duvall*, 260 F.3d at 1153. Because defendants do not dispute that the at-issue program receives federal assistance, the analysis under the ADA and the Rehabilitation Act is the same.

Page 7 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION
          J1B/da3/1013573562

environment exacerbates his ADHD.  This is not enough to show that Plaintiff has been denied access to the law library, or has been prevented from benefiting from its use.  Thus, Plaintiff's claims under the ADA and the Rehabilitation are not likely to succeed.

### B.  Fourteenth Amendment (Equal Protection).

Plaintiff makes no arguments as to how his Fourteenth Amendment claim is likely to proceed.  Plaintiff alleges in his Complaint that Defendants violated his right to equal protection under the Fourteenth Amendment.  Because plaintiff is not a member of a suspect class, his claim is subject to rational basis review.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).  To prove a claim that does not involve a suspect class, a plaintiff must prove that:  (1) he was intentionally treated differently than similarly situated people; and (2) there is no rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff does not allege any facts that demonstrate that he was treated differently from others similarly situated.  He has the same access to the law library as similarly situated AICs and there are no AICs—with disability or without—who are allowed to use a personally issued laptop for legal work.  (See Decl. Villers, ¶ 7).  Even so, Defendants' actions pass rational basis.  Restricting access to electronic devices and reviewing those devices is rationally related to the legitimate goal of ensuring a safe and secure operation of prison facilities.  Therefore, Plaintiff's equal protection claim is not likely to succeed.

### C.  First Amendment (Access to Courts, Free Speech, Retaliation).

Plaintiff makes no arguments as to how his First Amendment claim is likely to proceed. Nonetheless, the Supreme Court requires "states to shoulder affirmative obligations to assure all prisoners meaningful access to the courts."  *Bounds v. Smith*, 430 U.S. 817, 824 (1977). "[P]rison officials [must] make it possible for inmates to prepare, file, and serve pleadings and other documents essential for pleading their causes."  *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007) (overruled on other grounds).

Page 8 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
                  INJUNCTION
                      J1B/da3/1013573562

The constitutional right of access-to-courts only attaches when the AIC is pursuing (1) a criminal trial or appeal, (2) a habeas corpus proceeding, or (3) a section 1983 case to vindicate "basic constitutional rights." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right to reasonable access to the courts does not exist in a vacuum. An AIC cannot allege that legal resources are "subpar in some theoretical sense," but must demonstrate actual injury relating to an actual case. *Id*. at 351. Specifically, the AIC must demonstrate that the alleged shortcomings resulted in an actual injury with respect to existing or contemplated litigation, such as the inability to present a claim or to meet a filing deadline. *Id*. at 351-53.

The Supreme Court has explained that the constitution does not require that inmates "transform themselves into litigating engines." *Id*. at 355. Rather, the tools required "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*.

First, Plaintiff alleges that his First Amendment right to free speech was violated when Defendants read his legal documents outside his presence. Second, Plaintiff alleges that Defendants retaliated against him due to his "complaints and advocacy work" by revoking his ADA accommodations, denying him access to the legal library's resources, and reading his legal documents. Plaintiff's Complaint cites to a portion of the opinion in *Hayes v. Idaho Correctional Center*, which correctly reads, "[A]prisoners' communications with civil attorneys often relate to lawsuits challenging the conditions of confinement in the prison or wrongful conduct of prison employees. When prison officials open legal mail, prisoners may justifiably be concerned about retaliation from the very officers the prisoner has accused of wrongdoing." 849 F.3d 1204, 1210 (9th Cir. 2017) (Pl.'s Compl., ECF No. 1, p. 12). Plaintiff took the liberty of inserting "(or legal flash drives in plaintiff's instant case)." Plaintiff admits that "a Flash Drive

Page 9 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
            J1B/da3/1013573562

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

is not per se 'legal mail," but incorrectly asserts that it is afforded the same protections "within the spirit of the law."  (*Id*., ¶ 24).  *Hayes* does not speak to flash drives or any other removable media devices and the documents authorized to be stored on a flash drive do not include legal mail or communications to attorneys.  (See Decl. Villers, ¶ 6).

Plaintiff does not even allege that Defendants read his legal mail or communications to attorneys.  Rather he refers to the inspection or audit of his flash drive containing his "legal work product," and the review of, or "reading" of Plaintiff's "legal documents" when provided to the law library for copying.  (*Id*., ¶¶ 20-30).  The TRCI law library follows the ODOC rules as set out in OAR chapter 291, division 139.  OAR 291-139-0109(2)(c) provides that "[a]n assigned removable media device may only be used by the inmate for the creation and storage of *legal documents* and is *subject to cursory review* by the library coordinator and other correctional staff."  (emphasis added).  Thus, storing attorney-client privileged correspondence and legal work product on a RDM is a violation of rule, and legal documents defined under OAR 291-139-0110(10) are not afforded the protections of legal mail or attorney-client communications.

With regard to copying legal work, OAR 291-139-0170(1)(c) provides that "[a]ll documents, prior to photocopy or printing, may receive a cursory review by the library coordinator or other supervising staff."  "Only legal documents in final form that are ready to be filed with the court or paroling authority will be approved for photocopying."  OAR 291-139-0170(1)(f).  ODOC has made it more than possible for AICs to prepare, file, and serve pleadings and other documents essential for their cases.  Defendant is able to draft his legal documents and utilize law library resources.  Thus, Plaintiff cannot show that his First Amendment rights to access the courts were violated or that his right to free speech was chilled.

Likewise, Plaintiff cannot show that he is likely to succeed on his Frist Amendment claim of retaliation.

Page 10 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
J1B/da3/1013573562

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

> Within a prison context, a viable claim for First Amendment retaliation entails "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff asserts that Defendants retaliated against him by revoking his ADA accommodations, denying him access to the legal library's resources, and reading his legal documents. First, there is no evidence that the denial of the Securebook request or reviewing legal documents were "adverse actions." The Securebook denial was pursuant to a collective ADA MDT decision based on the determination that Plaintiff did not have a disability that affected his ability to write and that he did not require a word processor to access programs, services, or activities. (Decl. Gitnes, ¶ 6). And reviewing legal documents is a common practice for safety and security reasons, which cannot be considered an action adverse to Plaintiff.

Second, there is no evidence of retaliatory motive. Plaintiff's access to a NEO processor was ended because NEO word processors pose a security risk and are routinely confiscated as staff become aware of their presence. (See Decl. Ventura, ¶ 2). With regard to reviewing legal documents, Plaintiff offers no explanation as to how this was retaliatory by going beyond standard practice pursuant to lawful rule.

Finally, as shown above, Plaintiff's First Amendment rights were not chilled and the actions of Defendants advanced legitimate correctional goals. Thus, Plaintiff's retaliation claims are not likely to succeed.

## II.    Plaintiff has not established irreparable harm.

In order for the Court to award a preliminary injunction, a plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of an injunction. *Winter*, 555 U.S. at 22.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Defendant must present evidence sufficient to clearly carry his burden of persuasion. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012). "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011).

Here, Plaintiff has not carried his burden of establishing irreparable harm. He ambiguously alleges that he is at "risk of missing court deadlines, being unable to adequately prepare filings, and losing legal claims altogether." (Pl.'s Mot. Preliminary Inj., ECF No. 15, p. 3). He has not submitted any evidence to support that allegation, however. His own filings demonstrate that he is more than capable of preparing and filing his legal work. Plaintiff is also capable of submitting handwritten filings as many other AICs do. Plaintiff points to two previous lawsuits[5] that he claims were lost due to his lack of access to legal materials and access to the courts—although he largely blames the law library AIC legal aids. (See Pl.'s Compl., ECF No. 1, pp. 10-11). Even so, "past wrongs do not in themselves amount to that real and immediate threat of injury . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974) and *Rizzo v. Goode*, 423 U.S. 362(1976)). Plaintiff must do more than provide the Court with bare, unsupported assertions. Thus, Plaintiff has not established that he will suffer irreparable harm.

### III.     The balance of equities and the public interest warrant against injunctive relief.

The remaining two *Winter* factors—the balance of equities, and public interest— warrant against injunctive relief. In cases in which the government is party to a case where preliminary injunction is sought, the remaining two *Winter* factors, the balance of the equities and public interest, merge together. *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020). "In weighing

---

[5] *Emery v. ODOC* et al. 2:22-cv-01977-MC a case about prison lighting conditions and *Emery v. Gitnes* et al. 2:23-cv-01958-MC a case about a retaliation conspiracy.

Page 12 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
               INJUNCTION
                  J1B/da3/1013573562

equities, a court 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Western Watersheds Project v. Bernhardt*, 391 F.Supp.3d 1002, 1023 (D. Or. 2019) (quoting *Winter*, 555 U.S. at 24).

With regard to balance of the equities, Plaintiff states that "[r]equiring Defendants to comply with the ADA and Rehabilitation Act does not impose an undue burden but merely restores the lawful status quo." (Pl.'s Mot. Preliminary Inj., ECF No. 15, p. 5). However, Plaintiff requests an order allowing the unprecedented use of a laptop computer with "all legal information in the Law Library's computer on it." (*Id.*, Proposed Order). Plaintiff's requested relief goes well beyond the status quo for any AIC and goes well beyond his alleged previous ADA accommodation for a NEO word processor. In any event, since Plaintiff has not made a sufficient showing of either likelihood of success or likelihood of irreparable harm, the equities favor defendants. *See, e.g., Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

As to the last factor, public interest, Plaintiff states that "[t]he public also has a strong interest in the protection of constitutional rights and in preventing ongoing violations of federal law." (Pl.'s Mot. Preliminary Inj., ECF No. 15, p. 5). Defendants agree with this general statement, but it does not apply to Plaintiff because—as discussed in Section I—he fails to establish any constitutional or statutory violation.

Here, the balance of equities and public interest strongly favor Defendants. There is a compelling public interest in allowing prison staff to regulate access to electronic devices, such as laptops and RMDs, conduct regular reviews of non-privileged legal documents to ensure the safe and secure operation of prisons, and to maintain a meaningful ADA accessibility process. Unfettered access to laptops and RMDs would impair the ability for ODOC to achieve these penological objectives.

Page 13 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
J1B/da3/1013573562

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

IV.     **Plaintiff's request for injunctive relief violates the PLRA.**

Finally, Plaintiff's proposed preliminary injunctive relief does not comply with the

PLRA's restrictions on proposed injunctive relief.  Under the PLRA:

> Prospective relief in any civil action with respect to prison conditions ***shall extend no further than necessary to correct the violation*** of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

A prospective injunction is only appropriate under the PLRA when it is narrowly drawn

and is "the least intrusive means necessary" to vindicate a constitutional violation.  *Califano v.*

*Yamasaki*, 442 U.S. 682, 702 (1979).  Section 3626(a) "operates simultaneously to restrict the

equity jurisdiction of federal courts and to protect the bargaining power of prison

administrators—no longer may courts grant or approve relief that binds prison administrators to

do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220

F.3d 987, 999 (9th Cir. 2000).  "[O]ne of the purposes of the Act was to restrict severely the

intrusion of the judiciary in the operation of prisons." *Plata v. Schwarzenegger*, 603 F.3d 1088,

1095 (9th Cir. 2010) (citing *Gilmore*, 220 F.3d at 996-97).

Defendants have provided Plaintiff with meaningful access to law library resources,

including computers, copying services, and RMDs that already exceed the constitutional

minimum.  Plaintiff has shown that he is able to prepare, file, and serve pleadings and other

documents essential for pleading his causes, yet he requests additional relief that far exceeds the

constitutional minimum.  Defendants are not required to assist Plaintiff by providing him

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

unregulated access to laptops and electronic storage media.  Plaintiff's requests go further than necessary to correct the alleged violation and, thus, violate the PLRA.

## CONCLUSION

Under each of the four *Winter* factors, individually and collectively, and the PLRA, the Court should deny Plaintiff's motion for preliminary injunction.

DATED March 3, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


*s/ Jason Brown*
JASON BROWN #171846
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
jason.brown@doj.oregon.gov
Of Attorneys for Defendants


Page 15 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION
        J1B/da3/1013573562

## CERTIFICATE OF SERVICE

I certify that on March 3, 2026, I served the foregoing **DEFENDANTS' RESPONSE**

**TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** upon the parties hereto

by the method indicated below, and addressed to the following:

Robert Lee Emery                ___ HAND DELIVERY
SID#13650508                 ___ MAIL DELIVERY
Two Rivers Correctional Institution     ___ OVERNIGHT MAIL
82911 Beach Access Road         ___ TELECOPY (FAX)
Umatilla, OR 97882             ___ E-MAIL
      *Pro Se Plaintiff*          X  **E-SERVED PURSUANT TO**
                                       **TRCI STANDING ORDER NO. 2019-12**

*s/ Jason Brown*
JASON BROWN #171846
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
jason.brown@doj.oregon.gov
Of Attorneys for State Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791