UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT L. EMERY JR.,

        Plaintiff,

        v.

OREGON DEPARTMENT OF
CORRECTIONS (ODOC), KACEY
THOMPSON, Americans with Disabilities
(ADA) Coordinator for Two Rivers
Correctional Institution (TRCI); MARCIA
VENTURA, Statewide ADA Coordinator;
T. HARN, East Law Librarian; MR.
HOWSER, Law Librarian; JOHN AND JANE
DOE'S ODOC Employees,

        Defendants.

Case No. 2:25-cv-01340-MC

**ORDER**

MCSHANE, Chief Judge.

        Plaintiff, an adult in custody at with the Oregon Department of Corrections (ODOC),

filed suit alleging claims under the Americans With Disabilities Act (ADA), the Rehabilitation

1    - ORDER

Act (RA), and the First and Fourteenth Amendments. Plaintiff alleges that Defendants confiscated a word processor he was authorized to use as an ADA accommodation and that Defendants unlawfully inspect his legal documents saved to a flash drive. Plaintiff now seeks a preliminary injunction requiring Defendants to reinstate his authorization for a word processor and to refrain from inspecting his legal documents. Pl.'s Motion for Prelim. Inj. at 3 (ECF No. 15). Because Plaintiff fails to show a likelihood of success on the merits or the likelihood of irreparable harm, the motion is DENIED.

## DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff fails to establish these elements.

Plaintiff alleges that he suffers from Attention Deficit/Hyperactivity Disorder (ADHD) and cannot work in the "loud, noisy, busy and cramped" library at Two Rivers Correctional Institution. Pl.'s Compl. ¶ 9. Plaintiff alleges that he was allowed to use a NEO Alphasmart word processor pursuant to an ADA accommodation, and in August 2024, the word processor was unlawfully confiscated. *Id*. ¶ 13. Plaintiff claims that he must now handwrite his legal documents

**2    - ORDER**

in his cell and bring them to the law library for typing or copying. *Id*. ¶ 9. Plaintiff also alleges that Defendants unlawfully inspect his legal documents saved on a flash drive. *Id*. ¶¶ 21-30.

Plaintiff fails to show a likelihood of success on the merits. To sustain a claim under the ADA or RA, he must show that: 1) he is a qualified individual with a disability; 2) he was either excluded from participating in or denied the benefits of ODOC services, programs, or activities, or was otherwise discriminated against; 3) because of his disability *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act."). To sustain claims brought under the First and Fourteenth Amendments, Plaintiff must show that the confiscation of his word processor and inspection of his flash drive denied him access to the courts and was motivated by retaliatory animus, and that he was treated differently from similarly situated AICs without a rational basis. *See Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

According to Defendants, ODOC officials discovered an electronic security risk posed by the NEO word processors and began confiscating them. Ventura Decl. ¶ 2. ODOC officials instructed AICs who believed they needed a word processor to submit an ADA Accessibility Request for a Securebook, which is a specially designed laptop used in correctional facilities. *Id.* ¶ 3. On April 19, 2024, Plaintiff submitted an ADA Accessibility Request for a Securebook, and ODOC's multidisciplinary team determined that Plaintiff did not have a disability that affected his ability to read or write and denied his request. Gitnes Decl. ¶¶ 5 & Att. 2; Venture Decl. ¶ 4. With respect to the flash drive, ODOC officials periodically inspect the devices to ensure AICs are in compliance with ODOC regulations, and Plaintiff signed a "Removable Media Usage

**3    - ORDER**

Acknowledgment Statement" acknowledging that flash drives are subject to inspection. Villers Decl. ¶¶ 4-5 & Att. 1 (acknowledging that "Library Coordinators, or other staff as designated, will perform periodic audits of your assigned [removable media device] for appropriateness of content saved to the device").

Plaintiff presents no evidence showing that Defendants confiscated his word processor, denied his request for a Securebook, or reviewed his flash drive because of his disability, or that Defendants' actions prevent him from participating in ODOC services, programs, or activities. Plaintiff also fails to show that the lack of a Securebook or inspection of his flash drive denies him access to the courts, as reflected by the lawsuits Plaintiff has initiated since the confiscation of his word processor. *See* Pl.'s Compl.; *see also Emery v. Or. Dep't of Corr.*, Case No. 2:24-cv-1847-MC. Aside from conclusory allegations, Plaintiff presents no evidence suggesting that Defendants acted with discriminatory animus or that similarly situated AICs are allowed the use of a Securebook or other word processor or maintain flash drives that are not subject to inspection.

Plaintiff also fails to show the likelihood of irreparable harm. Plaintiff argues that without a word processor, he is forced to rely on outside resources to prepare and file legal documents, resulting in unnecessary costs for postage and document production. However, Plaintiff presents no evidence showing that an undue financial burden inhibits his access to the courts, as reflected by the filings in this action and other cases brought in this Court. *See Emery v. Or. Dep't Corr.*, Case No. 2:24-1847-MC. Further, Defendants' confiscation of the word processor allegedly took place in August 2024, Compl. ¶ 13, and Plaintiff did not file suit until July 2025 and did not seek preliminary injunctive relief until February 2026. Plaintiff's delay in seeking injunctive relief weighs against a finding of irreparable harm.

**4    - ORDER**

For these same reasons outlined above, Plaintiff fails to show that the balance of equities tips in his favor or that a preliminary injunction is in the public interest.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (ECF No. 15) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of March, 2026.


/s Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

**5    - ORDER**